**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CLARENCE J. SUMLIN, JR.,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.        ) | No. 4:24-cv-01272-RWS |
| ) | |
| THE CITY OF ST. LOUIS,        ) | |
| ) | |
| Defendants.        ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Clarence J. Sumlin, Jr.'s Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3). Having reviewed the Application, the Court finds that Plaintiff is unable to pay the costs of this action. Accordingly, the Court grants the request and waives the filing fee. However, Plaintiff must file an amended complaint as directed below.

**I.   Legal Standard**

Because Plaintiff is proceeding in forma pauperis in this matter, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the

proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## II.  The Complaint

Plaintiff, an employee of the City of St. Louis, sues the City under Title VII of the Civil Rights Act for alleged gender-based discrimination. He claims that after he complained of a hostile work environment, the City retaliated against him by subjecting his work to increased scrutiny, giving him a lower-than-expected performance rating, and pressuring him to complete work assigned to others. Plaintiff also alleges general workplace harassment. He seeks monetary and injunctive relief.

**III. Discussion**

Plaintiff's complaint is deficient in three respects. First, his harassment allegations are conclusory. To plead a plausible claim of gender-based harassment under Title VII, a plaintiff must allege sufficient facts to allow the Court to infer a connection between the harassment and the plaintiff's gender. *See Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021). Here, Plaintiff merely states that he is male and was harassed. He does not describe the nature of the harassment or how it relates to his gender.

Second, his retaliation allegations are similarly vague. To state a plausible retaliation claim under Title VII, a plaintiff must show that he engaged in a protected activity and suffered an adverse employment action as a result. *See Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 1010 (2024). Even assuming Plaintiff engaged in a protected activity, the allegations in the complaint do not warrant an inference that he suffered a sufficiently adverse employment action or that any adverse action stemmed from his complaint letter.

Third, Plaintiff has not submitted a copy of his EEOC charge. Without it, the Court cannot determine whether Plaintiff exhausted his administrative remedies under Title VII. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 543 (2019) ("As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the [EEOC]."). Put another way, the Court cannot assess whether the claims raised here are "like or reasonably related to the substance of the allegations in the administrative charge[.]" *See Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022).

For these reasons, Plaintiff's complaint is subject to dismissal. Nonetheless, in light of his self-represented status, the Court will allow him to amend his complaint in accordance with the instructions below.

### IV. Instructions for Amending the Complaint

Pursuant to Local Rule 2.06, Plaintiff must file his amended complaint on the enclosed form. The amended complaint must include specific facts supporting his claims of gender-based discrimination. Plaintiff should describe the actions taken by the City that he believes were discriminatory, when those actions occurred, and how they were connected to his gender. He must also specify the nature of any alleged adverse employment actions and include all facts tying those actions to his complaint letter.

Plaintiff should clearly identify the legal basis for his claims (e.g., Title VII of the Civil Rights Act, the Americans with Disabilities Act, or the Rehabilitation Act) and attach all supporting documentation, including his EEOC charge and any resulting administrative decisions. However, exhibits cannot substitute for factual allegations in the complaint itself. *See Aery v. Arhart*, No. 21-CV-111 (PJS/TNL), 2021 WL 5413876, at *1 (D. Minn. June 3, 2021) (explaining that Fed. R. Civ. P. 8(a)(2) requires factual allegations rather than reliance on exhibits).

An amended complaint completely replaces the original complaint. Any claims not re-alleged in the amended complaint will be considered abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Because Plaintiff is proceeding without prepaying fees or costs, the Court will review his amended complaint under 28 U.S.C. § 1915. If Plaintiff fails to timely file an amended complaint on the Court-provided form, the Court will dismiss this action without prejudice and without further notice.

### V. Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 2). Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro

se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Neither the factual nor legal issues in this case appear complex. The Court may reconsider as the case progresses.

**VI. Conclusion**

For the reasons stated above, the Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs but denies his Motion for Appointment of Counsel. Plaintiff must submit an amended complaint on the Court-provided form as directed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and return the form in accordance with the Court's instructions **within thirty (30) days** of the date of this Order.

5

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED** without prejudice.

Failure to comply with this Order will result in dismissal of this action without prejudice and without further notice.

Dated this 30th day of June, 2025.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE